**STATE**

v.

**Robert COSTA.**

**No. 91–233–C.A.**

Supreme Court of Rhode Island.

March 9, 1992.

James E. O'Neil, Atty. Gen., Annie Goldberg, Jeffrey Greer, Asst. Attys. Gen., for plaintiff.

Paula Lynch Hardiman, Providence, for defendant.

## OPINION

**PER CURIAM.**

The defendant, Robert Costa, appeals from an April 6, 1990 Superior Court conviction whereby the defendant was found guilty of two counts of delivery of a controlled substance (marijuana) and subsequently was sentenced to ten years' imprisonment with one year to serve and nine years suspended. The defendant claims that the trial justice erred (1) by denying the defendant's request to proceed pro se and (2) by failing to find that the defendant was denied his right to a speedy trial. A conference held pursuant to Provisional Rule 16(d)(1) directed the parties to appear before this court on February 5, 1992, and show cause why the issues raised in this appeal should not be summarily decided. For the reasons stated herein, the defendant's appeal is sustained and the judgment of the Superior Court is reversed.

On April 27, 1983, defendant was arraigned on drug offenses, including delivery of a controlled substance. Numerous motions were filed thereafter, and a trial was ultimately scheduled for August 1985. However, the trial was postponed twice at the request of the state because of the unavailability of a prosecution witness.

On August 30, 1987, and December 16, 1987, defendant, who was then incarcerated at the federal penitentiary on other charges, wrote to the court requesting that the charges against him be dismissed because he had been denied a speedy trial.

A trial was set for May 25, 1988, but was again postponed following the state's motion for a continuance. Numerous delays continued thereafter, but the case was finally tried on March 30, 1990.

Prior to trial defendant had been receiving the assistance of a succession of court-appointed attorneys from the public defender's office. However, following the commencement of the trial defendant expressed his dissatisfaction with defense counsel and requested that he be allowed to proceed pro se. After questioning defendant about his training and ability to defend himself adequately, the trial justice denied defendant's request and appointed a defense counsel to act as "stand-by" counsel who in fact acted as actual counsel during the ensuing trial.

On April 6, 1990, defendant was convicted of two counts of delivery of a controlled substance. On August 24, 1990, defendant filed an appeal with this court. Thereafter, on May 30, 1991, defendant filed a motion before this court for release on bail pending appeal, which was granted on June 13, 1991. As of the date of defendant's release on bail, he had served all but forty-

one days of the one-year sentence he was to serve.

▆ The defendant avers that the trial justice erred and effectively denied him his constitutional right to represent himself. In making this assertion, defendant relies on this court's recent decision in *State v. Kennedy*, 586 A.2d 1089 (R.I.1991), in which this court held that the trial justice (who coincidentally is the same justice as in the instant case), erred by appointing defense counsel as standby counsel over the objection of the defendant, who wished to proceed pro se. We agree with defendant's claim and believe that *Kennedy* is directly on point with the facts before us.

In *Kennedy* a defendant charged with robbery was being represented by the fifth in a succession of court-appointed counsel. *Id.* at 1090. On the first day of trial the defendant expressed his dissatisfaction with defense counsel and requested that he be allowed a continuance to seek alternative counsel. *Id.* However, because of the number of previous attorneys assigned to the defendant, the initial trial justice denied the defendant's request and concluded that defense counsel should remain as standby counsel. *Id.* Furthermore, in citing the lengthy delays caused by assigning successive counsel, the subsequent trial justice who took control of the case also concluded that the trial should proceed. *Id.*

Following that determination "the option was left to [the] defendant either to proceed with [standby counsel] or to proceed pro se. The defendant indicated his desire to proceed pro se. The trial justice then engaged in a colloquy with defendant regarding whether this waiver of counsel was 'knowing and intelligent.' " *Id.* at 1090–91. Despite the defendant's request to proceed pro se, the trial justice affirmed the prior justice's decision and defense counsel remained as standby counsel. *Id.* at 1091. It should be noted, however, that although the initial trial justice had used the phrase "stand-by counsel" when referring to defense counsel's relationship with the defendant, the record indicated that the subsequent trial justice appointed counsel

as actual counsel and that counsel functioned accordingly. *Id.* 1091 n. 1.

In reversing the judgment of the Superior Court in *Kennedy*, we relied on the United States Supreme Court decision in *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), wherein the Court considered this precise issue and concluded that "a State may [not] constitutionally hale a person into its criminal courts and there force a lawyer upon him, even when he insists that he wants to conduct his own defense." *State v. Kennedy*, 586 A.2d at 1091 (quoting *Faretta*, 422 U.S. at 807, 95 S.Ct. at 2527, 45 L.Ed.2d at 566). The Court further recognized that the trial justice need not make any assessment of the extent of the defendant's technical legal knowledge in determining the defendant's knowing exercise of the right to defend himself. *Faretta*, 422 U.S. at 836, 95 S.Ct. at 2541, 45 L.Ed.2d at 582. "Whether defendant could better defend himself with the assistance of an attorney is insignificant; 'it is not inconceivable that in some rare instances, the defendant might in fact present his case more effectively by conducting his own defense. Personal liberties are not rooted in the law of averages. The right to defend is personal.' " 586 A.2d at 1092 (quoting *Faretta*, 422 U.S. at 834, 95 S.Ct. at 2540–41, 45 L.Ed.2d at 581).

In circumstances similar to those in *Kennedy*, in the instant case defendant had received the assistance of a succession of court-appointed counsel. Furthermore, immediately after the start of the trial, defendant expressed his dissatisfaction with defense counsel and requested that he be allowed to proceed pro se. After questioning defendant with regard to his ability to represent himself adequately, the trial justice denied defendant's request and appointed defense counsel as standby counsel who, as counsel did in *Kennedy*, acted not as standby counsel but as actual counsel during the ensuing trial. As a practical matter we embrace the theory that "he that is his own lawyer, has a fool for a client." Nevertheless, given the reasons expressed by this court in *Kennedy*, we are of the opinion that the trial justice erred in

denying defendant's request to defend himself.

The defendant also claims that the trial justice erred by failing to find that the defendant's right to a speedy trial had been denied. In making such an assertion, the defendant relies solely on the contents of a series of letters directed to the Superior Court whereby he raised the issue of a speedy trial and requested that the case be dismissed. However, despite the existence of the foregoing letters, the record fails to reveal any indication that either the defendant or defense counsel ever formally raised the issue before the trial justice. Hence, the absence of such a motion and a ruling thereon precludes this court's review.

For the foregoing reasons the defendant's appeal is sustained. The judgment of the Superior Court is reversed, and the case is remanded to the Superior Court for further proceedings.